# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Couch Potato Enterprises LLC, | : |
| | :    [__ Civ. ____ (___)(___)] |
| Plaintiff(s), | : |
| | :    **COMPLAINT** |
| vs. | : |
| Robert T. Yackley, as an Individual and Intellileash Products, Inc. | :    JURY TRIAL DEMANDED |
| | : |
| Defendant(s). | : |

Plaintiff Couch Potato Enterprises LLC ("Couch Potato"), by and through its attorneys, for its Complaint against Robert T. Yackley and Intellileash Products, Inc. (collectively "Defendant"), alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action arising under the Declaratory Judgment Act 28 U.S.C. §§ 2201 and, 2202 and patent laws of the United States including Title 35, United States Code, seeking a declaratory judgment of non-infringement, invalidity and unenforceability of United States Patent No. 10/364,543 ("the '543 Patent).

2. This Declaratory Judgment Complaint relates to Defendant's attempt to enforce an invalid and unenforceable patent.

3. This Declaratory Judgment Complaint further relates to Defendant's tortious interference with Couch Potato's prospective and current economic relationships.

## JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq.

5. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. General personal jurisdiction over Defendant is proper in this District because, upon information and belief, Defendant regularly transacts business in this judicial district, and has availed itself of the rights and benefits of the laws of New Jersey.

7. Specific personal jurisdiction is proper in this District because, upon information and belief, Defendant has sold and/or offered to sell the accused products to consumers throughout the state of New Jersey.

8. Furthermore, specific jurisdiction is proper in this District because as explained below, Defendant knew he was likely to inflict harm to Plaintiff in New Jersey when he accused Plaintiff of patent infringement and filed a Rights Owner Complaint with Amazon.com. This cause of action arises out of these New Jersey-directed activities.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in this judicial district, and has directed its enforcement activities at this judicial district, and a substantial part of the events giving rise to the claim occurred in this judicial district.

## PARTIES

10. Couch Potato Enterprises LLC ("Couch Potato" or "Plaintiff") is a limited liability company formed under the laws of the state of New Jersey and has its principal address of 170 Williams Drive, Ramsey, New Jersey 07446.

11. Couch Potato is a premier on-line retailer of consumer products including pet equipment such as the Felix & Fido Mighty-Stake ("the accused product").

12. Couch Potato is an Amazon seller and takes great care to comply with Amazon policies and regulations, and maintains high performance ratings for its Amazon account.

13. Upon information and belief, Defendant Robert T. Yackley is an individual who resides at 2192 Pembridge Lane, Joliet, Illinois 60431. Upon information and belief Robert T. Yackley is owner and principal of Intellileash Products, Inc.

14. Upon information and belief, Defendant Intellileash Products, Inc. is a corporation formed under the laws of the state of Delaware with a principal address of 2192 Pembridge Lane, Joliet, Illinois 60431, the same principal address as Defendant Yackley.

15. Upon information and belief, Defendant sells products to secure pets.

## FACTUAL BACKGROUND

**The Patent at Issue**

16. The '543 Patent, entitled METHOD AND APPARATUS FOR PORTABLE STAKE MOUNTING, is directed to a device used to tether pets outdoors or for the purpose of staking trees.

17. The '543 Patent names Robert T. Yakley as inventor and lists an issue date of July 30, 2019. A copy of the '543 Patent is attached hereto as Exhibit A.

18. On information and belief, Robert T. Yakley is the owner of all right, title, and interest in the '543 Patent.

**Existence of an Actual Controversy**

19. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

20. On February 6, 2020, Plaintiff received a cease and desist letter from Defendant's attorney alleging infringement of the '543 Patent. A true and correct copy of Defendant's letter is attached hereto as Exhibit B.

21. Defendant's February 6 letter set forth detailed infringement allegations and demands that Couch Potato cease and desist selling, offering for sale, importing or exporting its Felix & Fido Mighty-Stake product.

22. Defendant's February 6 letter states that failure to comply with Defendant's demands by February 21, 2020 will result in legal recourse.

23. Additionally, Defendant's February 6, 2020 letter set forth February 21, 2020 as the date by which Couch Potato needed to reply to Defendant's allegations. On February 13, 2020, a full week before the deadline, Couch Potato received notice from Amazon.com that Defendant filed a Rights Owner Complaint alleging that Couch Potato's sales of the Felix & Fido Mighty-Stake infringe the '543 Patent. A copy of the Rights Owner Complaint is attached hereto at Exhibit C.

24. Upon information and belief, a Rights Owner Complaint filed against a seller on Amazon.com negatively impacts the seller's rating, reputation and sales. If a Rights Owner Complaint culminates in removal of the seller's product listings, the result is lost business and profits, as well as irreparable damage to the seller's reputation both with Amazon.com and customers.

25. The February 6, 2020 cease and desist letter and Rights Owner Complaint give rise to a substantial controversy between the Parties because they are affirmative acts by Defendant enforcing the '543 patent and actually charging Couch Potato with infringement of the '543 patent.

26. Based on the foregoing, a justiciable controversy exists between Couch Potato and Defendant as to whether Couch Potato's Felix & Fido Mighty-Stake infringes the '543 Patent and whether the claims of the '543 Patent are valid and enforceable.

27. Absent a declaration of non-infringement, invalidity and/or unenforceability, Defendant will continue to wrongfully allege that Couch Potato's Felix & Fido Mighty-Stake infringes the '543 Patent, and thereby cause irreparable injury and damage.

**COUNT ONE (Declaratory Judgment of Non-Infringement)**

28. Couch Potato repeats and realleges paragraphs 1 through 27 hereof, as if fully set forth herein.

29. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

30. A judicial declaration is necessary and appropriate so that Couch Potato may ascertain its rights regarding its Felix & Fido Mighty-Stake and the '543 Patent.

31. Couch Potato is entitled to a declaratory judgment that its Felix & Fido Mighty-Stake does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the '543 Patent under 35 U.S.C. § 271.

32. The '543 patent includes two independent claims – claim 1 and claim 11.

33. Independent claim 1 of the '543 patent recites a stake assembly that includes a concave portion having "a depending sidewall below the top wall, the sidewall enclosing a perimeter and having an open bottom end." The Felix & Fido Mighty-Stake does not include this element of claim 1.

34. Independent claim 1 of the '543 patent recites that the stake assembly includes "a stake portion engaged to the concave portion." The Felix & Fido Mighty-Stake does not include this element of claim 1.

35. Independent claim 11 of the '543 patent recites a stake assembly that includes "a sidewall defining a closed perimeter." The specification states that the sidewall is shaped as a circle, although other geometrical shapes "may have similar function." '543 patent, col. 4, lines 20-28. The Felix & Fido Mighty-Stake does not include a circular sidewall, or a sidewall that performs a function similar to a circular sidewall, as described in the '543 patent.

## COUNT TWO (Declaratory Judgment of Invalidity)

36. Couch Potato repeats and realleges paragraphs 1 through 35 hereof, as if fully set forth herein.

37. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of invalidity.

38. A judicial declaration is necessary and appropriate so that Couch Potato may ascertain its rights regarding the validity of the '543 Patent.

39. Couch Potato is entitled to a declaratory judgment that the claims of the '543 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

40. For example, independent claims 1 and 11 of the '543 patent are invalid at least in view of U.S. Patent No. 2,799,369, U.S. Patent No. 187,337 and U.S. Patent Application Publication No. 2010/0224139. Copies of these patent documents are attached hereto as Exhibit D.

**COUNT THREE (Declaratory Judgment of Unenforceability)**

41. Couch Potato repeats and realleges paragraphs 1 through 40 hereof, as if fully set forth herein.

42. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of unenforceability.

43. A judicial declaration is necessary and appropriate so that Couch Potato may ascertain its rights regarding the enforceability of the '543 Patent.

7

44. Couch Potato is entitled to a declaratory judgment that the '543 Patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office ("USPTO") as described with particularity below.

45. A patent by its very nature is affected with a public interest. 37 C.F.R. § 1.56. The public interest is best served when, at the time an application is being examined, the USPTO is aware of and evaluates the teachings of all information material to patentability. *Id.* Accordingly, each individual associated with the filing and prosecution of a patent application has a duty to disclose all information known to that individual to be material to patentability. *Id.*

46. The materiality required to establish inequitable conduct is but-for materiality. *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1291 (Fed. Cir. 2011). Information is but-for material if the USPTO would not have allowed a claim had it been aware of the undisclosed information. *Id.*

47. The '543 patent was filed in the USPTO on April 4, 2018 and assigned U.S. Patent Application No. 15/945,590 ('590 Application). The '590 Application was filed as a continuation of U.S. Patent Application No. 14/818,088 ('088 Application).

48. The as-filed claims in the '590 Application were identical to the as-filed, and previously rejected, claims in the '088 Application. The Examiner initially rejected the as-filed claims in the '590 Application.

49. In response to the rejection, Defendant's authorized representative amended claims in the '590 Application to be identical to claims finally rejected in the '088 Application

and amended other claims in the '590 Application to be substantially similar to claims finally rejected in the '088 Application.

50. After amending the claims in the '590 Application, Defendant's authorized representative did not inform the USPTO of a prior Office Action in the '088 Application finally rejecting the identical and substantially similar claims now pending in the '590 Application.

51. The claims that eventually issued as the '543 patent were identical to some claims finally rejected in '088 Application and substantially similar to other claims finally rejected in '088 Application.  The Examiner did not explain why the prior rejections or references issued in the '088 Application did not apply to the identical and substantially similar claims now pending in the '590 Application.

52. The USPTO requires all business before it to be conducted, or at least documented, in writing.  37 C.F.R. § 1.2.  The public notice function of patents requires that a patentee be prevented from acknowledging during prosecution that the claims do not cover a particular device and then later alleging that the same device infringes.  Allowing such behavior would be unfair to the public, particularly the manufacturer of the accused device, which was entitled to rely on the surrender of claimed subject matter made in the prosecution history and contained in the file wrapper.  There is no written record as to how or why the Examiner allowed claims in the '590 Application that were identical to some claims and substantially similar to other claims previously rejected in the '088 Application.

53. A prior rejection of a substantially similar claim in a co-pending United States application is material information.  *Dayco Products, Inc. v. Total Containment, Inc.*, 329 F.3d

9

1358, 1368 (Fed. Cir. 2003). A prior rejection of a substantially similar claim refutes, or is at least inconsistent with the position that later presented claims are patentable. *Id.*

54. In the '088 Application, Defendant's authorized representative cancelled the rejected claims, agreeing that the Examiner's rejections could not be easily overcome. In the '590 Application, Defendant's authorized representative asserted that claims identical, and substantially similar, to the rejected claims were patentable. The prior rejection of the claims in the '088 Application is material because it refutes the patentability position of the identical and substantially similar claims taken in the '590 Application.

55. When prosecuting a later-in-time application, an applicant may *not* assume an Examiner recalls his own decisions regarding an earlier-in-time application, even if the later-in-time application claims priority to the earlier-in-time application. *McKesson Information Solutions, Inc. v. Bridge Medical, Inc.*, 487 F.3d 897, 925-26 (Fed. Cir. 2007). "[I]t is unfair to the busy examiner, no matter how diligent and well informed he may be, to assume that he retains details of every pending file in his mind when he is reviewing a particular application ... [T]he applicant has the burden of presenting the examiner with a complete and accurate record to support the allowance of letters patent." *Armour & Co. v. Swift & Co.*, 466 F.2d 767, 779 (7th Cir.1972) (cited with approval in MPEP § 2001.06).

56. The single most reasonable inference drawn from the failure to inform the Examiner of the prior rejection of claims in the '088 Application and contrary positions taken with respect to the identical and substantially similar claims in the '590 Application evidences specific intent to deceive. *Therasense*, 649 F.3d at 1290. Therefore, the '543 patent is unenforceable due to inequitable conduct.

10

## COUNT FOUR: TORTIOUS INTERFERENCE WITH
## PROSPECTIVE AND CURRENT ECONOMIC RELATIONSHIPS

57.  Plaintiff repeats and realleges paragraphs 1 through 56 hereof, as if fully set forth herein.

58.  Couch Potato, as a long-time, reputable seller of goods on Amazon.com, maintains an expansive customer base.

59.  Defendant intentionally, wrongfully and without justification or excuse is interfering with Couch Potato's existing and prospective business relationship with Amazon.com by filing a Right Owner Complaint with Amazon.com alleging that the Felix & Fido Mighty-Stake infringes the '543 patent.  A copy of the Rights Owner Complaint is attached as Exhibit C.

60.  Upon information and belief, Amazon.com regularly monitors and scores a seller's account performance through an "Account Health" dashboard that shows how well a seller account is performing against the performance metrics and policies required to sell on Amazon.com.  Upon information and belief, "Policies" include Rights Owner Complaints filed against a seller alleging intellectual property infringement.

61.  Upon information and belief, Amazon.com considers allegations of intellectual property infringement a serious matter.  A Rights Owner Complaint may be grounds for suspending Couch Potato's ability to sell any of its products on Amazon.com, including non-infringing products.

62.  Defendant's interference is without excuse at least because the '543 patent is unenforceable due to inequitable conduct before the USPTO.  Furthermore, in a February 6, 2020 letter (Exhibit B), Defendant provided Couch Potato until February 21, 2020 to remove the

Felix & Fido Mighty-Stake from Amazon.com. Yet, a full week before the deadline, Defendant filed the Rights Owner Complaint with Amazon.com.

63. Such tortious interference by Defendant with Couch Potato's relationship with Amazon.com is subject to liability for the loss resulting from such interference. *Nostrame v. Santiago*, 213 N.J. 109, 122 (2013) (quoting Restatement Second, Torts § 766).

64. Defendant's tortious interference with Couch Potato's relationship with Amazon.com has negatively impacted Couch Potato's "Account Health," which measures performance metrics and compliance with policies required to sell on Amazon.com.

65. Defendant's tortious interference with Couch Potato's relationship with Amazon.com has created a risk of Couch Potato being suspended from selling on Amazon.com altogether, including products unrelated to the Felix & Fido Mighty-Stake. Couch Potato believes that a suspension of its Amazon.com selling privileges would be destructive to its business conducted on Amazon.com.

66. Accordingly, the Rights Owner Complaint filed by Defendant is intentionally and tortiously interfering with Couch Potato's ongoing business relationship and reasonable expectation of economic advantage in dealing with Amazon.com.

**WHEREFORE**, Couch Potato requests judgment against Defendant as follows:

1. Adjudging that Plaintiff has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '543 Patent, in violation of 35 U.S.C. § 271;

2. Adjudging that each of the claims of the '543 Patent is invalid;

3. Adjudging that the '543 Patent is unenforceable;

4. A judgment that Defendant be restrained and enjoined from alleging, representing, or otherwise stating that Couch Potato infringes any claims of the '543 Patent or from instituting or initiating any action or proceeding alleging infringement of any claims of the '543 Patent against Couch Potato or any customers, manufacturers, users, importers, or sellers of the Felix & Fido Mighty-Stake;

5. Declaring Couch Potato as the prevailing party and this case as exceptional, and awarding Couch Potato its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

6. That Defendant be ordered to contact Amazon.com and retract the Rights Owner Complaint;

7. That Defendant be ordered to pay all fees, expenses, and costs associated with this action; and

8. Awarding such other and further relief as this Court deems just and proper.

Date: February 21, 2020

Respectfully submitted,

WEISS & ARONS LLP

*s/ Jacob Baldinger*
Jacob Baldinger
New Jersey Bar No. 029172011
jbaldinger@weissarons.com

Joel Weiss
New York Bar No. 2868529
jweiss@weissarons.com
(*to seek admission pro hac vice*)

63 South Main Street
Spring Valley, New York 10977
(845) 362-6100
(845) 362-6111 (Facsimile)